**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Joseph D. Sciarrino,<br><br>Plaintiff,<br>vs.<br><br>General Motors LLC,<br><br>Defendant. | Civil Case No.: |

For this Complaint, the Plaintiff Joseph D. Sciarrino, by undersigned counsel, states as follows:

## PRELIMINARY STATEMENT

1. This is an action by a purchaser of a 'lemon' 2023 Cadillac Escalade automobile for damages related to serious defects in the automobile and the Defendant's wrongful failure to honor the terms of the warranty.

## PARTIES

2. Plaintiff Joseph D. Sciarrino is an adult individual residing in Staten Island, New York. Thus, Plaintiff is a citizen of New York.

3. Defendant General Motors LLC ("GM") is organized under the laws of Delaware with its principal place of business located at 1240 Woodward Avenue, Detroit, Michigan 48226. At all relevant times, GM was engaged in the business of importing, assembling, marketing, distributing, and warranting GM automobiles in the State of New York and throughout the United States. Defendant GM LLC is a Delaware limited liability company. Its sole member is General Motors Company, a Delaware corporation with its principal place of business in Michigan. Upon information and belief, complete diversity exists between the parties.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this matter pursuant to the Magnuson-Moss Warranty Act, 15 U.S.C. § 2310(d)(1)(B), in that the Plaintiff claims more than $50,000.00 in damages, exclusive of interest and costs, and under the doctrine of supplemental jurisdiction as set forth in 28 U.S.C. § 1367.

5. In addition, this Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a) in that there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00.

6. Venue is appropriate in this District pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events giving rise to the Plaintiff's claims occurred within this District, and this is a District where Defendant directs and controls warranty repairs on vehicles covered under its warranties.

## FACTUAL ALLEGATIONS

7. On July 15, 2023, Plaintiff purchased a new 2023 Cadillac Escalade, vehicle identification number 1GYS4GKLXPR433323 (hereafter the "Vehicle") from Gold Coast Cadillac, an authorized GM dealership in Oakhurst, New Jersey (hereinafter, "Gold Coast Cadillac").

8. The total sales price for the Vehicle was $128,405.05 excluding options, fees, taxes, and other charges.

9. At the time of purchase the Vehicle's odometer read about 3 miles.

10. At the time of purchase, GM provided Plaintiff with a New Vehicle Limited Warranty covering the Vehicle for 4 years or 50,000 miles, and New Vehicle Powertrain Warranty covering the Vehicle 6 years or 70,000 miles.

11. Upon taking delivery of the Vehicle, Plaintiff registered the Vehicle as new in the State of New York.

12. Thereafter, serious malfunctions, defects and problems have plagued the Vehicle.

13. On May 14, 2025, Plaintiff had the Vehicle towed to Gold Coast Cadillac because the Vehicle's engine stalled out while driving.

14. At that time, the Vehicle's odometer read 15,917 miles.

15. Gold Coast Cadillac found the engine had locked up due to failed connecting rod bearings and attempted a repair by replacing the Vehicle's engine

16. During this visit, the Vehicle has been out of service for forty-seven (47) days and was ready for pick up on June 30, 2025.

17. On August 20, 2025, Plaintiff, through his counsel, mailed a letter to GM revoking his acceptance of the Vehicle. GM acknowledged its receipt of the letter on November 7, 2025.

18. The defects experienced by the Plaintiff substantially impair the use, value and safety of the Vehicle.

19. The Plaintiff provided the Defendant with a reasonable opportunity to repair the problems with the Vehicle's engine within the first two (2) years or 18,000 miles of the Plaintiff's ownership of the Vehicle.

20. The Defendant has neglected, failed or otherwise been unable to repair the substantial impairments to the Vehicle within a reasonable amount of time.

**FIRST CAUSE OF ACTION**
**Breach of Warranty Pursuant to the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301, *et seq.***

21. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

22. The Plaintiff is a "consumer" as defined in 15 U.S.C. § 2301(3).

23. Defendant is a "supplier" and "warrantor" as defined in 15 U.S.C. § 2301(4) and (5).

24. The Vehicle is a "consumer product" as defined in 15 U.S.C. § 2301(6).

25. 15 U.S.C. § 2310(d)(1) provides a cause of action for any consumer who is damaged by the failure of a warrantor to comply with a written warranty.

26. 15 U.S.C. § 2304(a)(1) requires Defendant, as a warrantor, to remedy any defect, malfunction or nonconformance of the Vehicle within a reasonable time and without charge to the Plaintiff.

27. Despite repeated demands, Defendant has failed to remedy the Vehicle's defects within a reasonable time, thereby breaching the written warranties applicable to the Vehicle.

28. As a result of Defendant's breach of written warranties, and Defendant's failure to remedy the same within a reasonable time and without charge to Plaintiff, Plaintiff has suffered damages.

**SECOND CAUSE OF ACTION**
**Breach of Express Warranty pursuant to N.Y. UCC § 2-313**

29. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

30. In connection with the sale of the Vehicle to the Plaintiff, Defendant provided

the Plaintiff with a New Vehicle Limited Warranty covering the Vehicle for 4 years or 50,000 miles, and New Vehicle Powertrain Warranty covering the Vehicle 6 years or 70,000 miles.

31. Plaintiff relied on Defendant's warranties when he agreed to purchase the Vehicle and Defendant's warranties were part of the basis of the bargain.

32. Plaintiff submitted the Vehicle for warranty repairs as referenced herein. Defendant failed to comply with the terms of its written warranty provided to the Plaintiff, by failing to repair the Vehicle's defects within a reasonable period of time under the Vehicle's warranty as described herein.

33. Plaintiff has given the Defendant reasonable opportunity to cure said defect, but Defendant has been unable to do so within a reasonable time.

34. As a result of said nonconformities, the Plaintiff cannot reasonably rely on the Vehicle for the ordinary purpose of safe, comfortable and efficient transportation.

35. The Plaintiff could not reasonably have discovered said nonconformities with the Vehicle prior to Plaintiff's acceptance of the Vehicle.

36. The Plaintiff would not have purchased the Vehicle, or would have paid less for the Vehicle, had he known, prior to the respective time of purchase, that the Vehicle contained the defects identified herein.

37. As a direct and proximate result of the failure of the Defendant to comply with its obligations under the warranty, Plaintiff has suffered actual and consequential damages. Such damages include, but are not limited to, the loss of the use and enjoyment of the Vehicle, and a diminution in the value of the Vehicle containing the defects identified herein.

## THIRD CAUSE OF ACTION

**Violation of Gen. Bus. Law Section 198-a – New York Lemon Law**

38. The Plaintiff incorporates by reference all of the above paragraphs of this

Complaint as though fully stated herein.

39. The Plaintiff is a "consumer" as defined in N.Y. Gen Bus. Law § 198-a(a)(1).

40. At all times relevant hereto the Vehicle was a "motor vehicle" for purposes of N.Y. Gen. Bus. Law § 198-a.

41. During the first two years or 18,000 miles of operation, the Vehicle has been out of service for at least 30 days due to substantial nonconformities as described above.

42. The defects in the Plaintiff's Vehicle substantially impair its use, value and safety to the Plaintiff.

43. The Manufacturer or their authorized dealership has been unable to repair such defects within reasonable period of time.

## FOURTH CAUSE OF ACTION
**Unlawful and Deceptive Practice - N.Y. Gen. Law § 349**

44. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

45. The sale of the Vehicle to the Plaintiff under the guise that it was free from defects that would substantially impair the use, safety, or value of the Vehicle represents an unlawful or deceptive trade practice under N.Y. Gen. Law § 349.

46. The Defendant violated N.Y. Gen. Law § 349 in one or more of the following ways:

a. Representing the subject vehicle to be of good, merchantable quality, free of defects, when in fact it was not;

b. Representing that the repairs could be performed properly, within a reasonable time, when Defendant knew or, in the exercise of reasonable care, should have known that this was not the case; and

c. Failing to reveal material facts including but not limited to the nature of the nonconformities and defects complained of herein.

47. The Defendant is in the business of selling private automobiles and therefore the violations are likely to affect the general public, now and in the future.

48. The Defendant violated the law willfully and knowingly.

**DEMAND FOR RELIEF**

WHEREFORE, the Plaintiff demands judgment against Defendant as follows:

a. An order approving revocation of acceptance or rescission of the purchase of the Vehicle;

b. Money damages, in the form of a refund of the full contract price, including, taxes, fees, insurance premiums, interest, and costs, and a refund of all payments made by Plaintiff on the subject contract;

c. Equitable relief including, but not limited to, repair of the defective Vehicle with an extension of the express and implied warranties, and service contracts which are or were applicable to the Vehicle, in the event that Plaintiff is not found to be entitled to revocation;

d. Incidental and consequential damages;

e. Treble and punitive damages;

f. Reasonable attorney’s fees;

g. Such other and further relief as this Court deems just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: March 4, 2026

Respectfully submitted,

By: */s/ Vlad Hirnyk*

Vlad Hirnyk, Esq.
LEMBERG LAW, L.L.C.
43 Danbury Road
Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile: (203) 653-3424
*Attorneys for Plaintiff*